ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK A. SMITH,

    Plaintiff,

  -against-

Police Officer John Doe and the City of
New York,

    Defendant's

CV 15 - 0245

TOWNES, J.

REYES, M.J

COMPLAINT

Jury Trial Demanded

(  )Civ(    )

I.  Parties:

   Plaintiff Mark A. Smith, resides at 223 Ten Eyck Walk, Brooklyn, NY 11206

   Defendant Police Officer John Doe resides at N/A

   Defendant City of New York resides at N/A

II.  The jurisdiction is invoked pursuant to a Federal Question.

On or about the 14th day of September, 2010 plaintiff was standing in front of 100A

Bushwick Avenue, Brooklyn, NY ( A Barber Shop) when he was approached by defendant John

Doe of the NYPD School Safety Division and told plaintiff to take it down the block. When the

Plaintiff advised defendant John Doe that he was waiting on his barber and wanted to know why

he should have to go down the block, the defendant John Doe stated "because I said so".

Subsequently plaintiff responded "that it would take an act of god to move him since he wasn't

doing anything wrong". Immediately the defendant John Doe of the NYPD, acting under the

color of law, rushed the plaintiff to the ground causing plaintiff to suffer an exacerbation of his

pre-existing lower back injury. After arresting, handcuffing and placing plaintiff in the back of a

NYPD van the defendant John Doe stated to plaintiff that he guessed god came and moved him and laughed.

At the time of falsely arresting plaintiff and seizing his property the defendant John Doe was completely aware that he was not arresting the plaintiff for selling drugs or violating Tax Law section 1814 but for plaintiff telling him" it would take an act of God to move him" after allegedly refusing to comply with an alleged lawful order to move from in front of 100A Bushwick Avenue ( A Barber Shop).

III. Despite knowing that he (defendant John Doe) was not arresting plaintiff for anything drug related the defendant while vouchering plaintiff's property for safe keeping and evidence in accordance with NYPD Policy and Procedure did knowingly, willingly and intentionally and with the intent to deprive plaintiff of the use of his lawfully possessed property did voucher more than one thousand ($1000) of plaintiff's funds as drug proceeds, in attempt to have them seized and forfeited and cause plaintiff financial harm. This after defendant John Doe gave plaintiff $100 of the same funds as walk thru money in accordance with NYPD Policy and Procedure.

The defendant John Doe further seized a carton of Winston cigarettes and vouchered them as being possessed by plaintiff in violation of Tax Code Section 1814 resulting in an additional criminal charge against plaintiff even though the defendant John Doe knew he was was not seizing and falsely arresting plaintiff for selling or attempting to sell cigarettes. Defendant John Doe further seized plaintiff's brand new and unused tobacco pipe and vouchered it as drug paraphernalia to further result in an additional criminal charge.

In or about November, 2012 during pre-trial cross examination of the defendant John Doe plaintiff became aware of, for the first time, the defendant John Doe's continuous false arrest prosecution of the plaintiff with the malicious filing of an amended complaint alleging new facts

to support the original criminal complaint, in an attempt to secure a criminal conviction, more than a year after the filing of the original complaint.

On or about the 11th day of January, 2013 criminal charges against the plaintiff were dismissed on motion by the District Attorney's Office (Docket No. 2010KN073 586).

The defendant   City of New York is the employer of the defendant John Doe and in hiring the defendant John Doe of the NYPD failed to properly train and supervise its employee from committing unprofessional and criminal conduct.

IV. Remedy: Plaintiff seeks $5,000,000 in compensatory damages and $5,000,000 in punitive damages for the false arrest and malicious prosecution of plaintiff in violation of plaintiff's 1st, 4th, and 8th Amendment rights.

Dated: January 14 , 2015

Mark A. Smith